NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0518n.06

No. 18-6279

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

CHARLES G. MIDDLETON, III,

    Plaintiff-Appellant,

v.

PNC BANK, NA,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
Oct 15, 2019
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY

---

Before: SUTTON, KETHLEDGE, and STRANCH, Circuit Judges.

KETHLEDGE, Circuit Judge. Charles G. Middleton III lost a lawsuit against PNC Bank in Kentucky state court, and then sued PNC again in federal. The district court dismissed his federal suit, holding that res judicata barred his claims. We affirm.

In 1933, Lawrence Jones Sr. executed a trust for his daughters. Although the Middleton family descended from Jones's son, they nonetheless claimed entitlements to the Trust's proceeds. In 2004, the trustee, PNC Bank, sued in Kentucky state court to determine whether the Middletons were beneficiaries under the Trust. Charles and Lawrence Middleton then brought their own lawsuit against PNC in 2007, alleging that PNC had breached its fiduciary duties as trustee.

In 2007, the parties settled the 2004 suit: the Trust paid the Middletons $4 million, in return for a release of their claim of any entitlement to the Trust's assets; and the Middletons further agreed that, if they lost their still-pending 2007 suit against PNC, they would (among other things)

indemnify the Trust for PNC's legal fees in the suit. Charles Middleton spoke about that obligation directly during a settlement hearing in the Kentucky court:

> The indemnity provisions are clear. If the Trust has to pay the trustee's fees to defend [the 2007 lawsuit], my brother and I have to pay it back. We recognize that obligation, we think we are good for it, and we have no question that if that occurs, we are going to write that check.
>
> R. 9-1 at 3:40:04 P.M. (video recording).

Meanwhile, in 2012, Commonwealth Bank & Trust Co. replaced PNC as trustee. Accordingly, PNC transferred the Trust's assets to Commonwealth, but withheld (with the state court's approval) $1.325 million of the Trust's funds to pay PNC's legal fees for the still-pending 2007 suit. PNC thereafter used those funds to pay its legal fees from the 2007 suit, which ultimately exceeded $1 million.

In 2012, the Kentucky trial court dismissed the Middletons' claims in the 2007 suit. Yet—notwithstanding Charles' representations to the Kentucky court in support of the $4 million settlement—the Middletons refused to indemnify the Trust for its payment (via the withheld funds) of PNC's legal fees. Instead the Middletons made some of the same arguments that Charles makes now, including that they had sued PNC in its individual capacity rather than in its capacity as Trustee. The trial court rejected those arguments. The trial court's judgment in favor of PNC became final in 2015—yet the Middletons still refused to indemnify the Trust for PNC's legal fees.

PNC (joined by Commonwealth) therefore sued the Middletons in 2016 for breach of the settlement agreement, seeking indemnification of the Trust for its payment of PNC's legal fees in the 2007 suit. Again the Middletons made the same arguments that Charles makes here—that the Middletons had sued PNC in its personal capacity in the 2007 suit, that the 2016 indemnity action somehow was not ripe, that PNC had violated the state court's order when it paid its legal fees with the $1.325 million it withheld from the Trust. The Kentucky court rejected those arguments

and ordered the Middletons to indemnify the Trust for its payment of PNC's legal fees from the 2007 lawsuit.

Charles Middleton (his brother is now deceased) still has not reimbursed the Trust for those fees. Instead he brought this suit, in which he reiterated his earlier arguments and denied any obligation to reimburse the Trust. The district court dismissed the suit in a thorough opinion, holding that res judicata barred Middleton's claims. We review that decision de novo. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).

Res judicata "preclude[s] parties from contesting matters that they have had a full and fair opportunity to litigate[.]" *Montana v. United States*, 440 U.S. 147, 153 (1979). State law determines the preclusive effect of a prior state-court action. *Anderson v. City of Blue Ash*, 798 F.3d 338, 350 (6th Cir. 2015). Under Kentucky law, res judicata precludes a lawsuit if the same parties brought the same claims in a prior lawsuit "decided on the merits." *Miller v. Admin. Office of the Courts*, 361 S.W.3d 867, 872 (Ky. 2011).

Middleton argues that this lawsuit has different parties than the 2016 action. In support, he makes here the same argument that lost there: that in 2007 he sued PNC in its individual capacity. And that argument loses here for the same reason it lost there: Middleton's complaint against PNC was based upon duties "that exist only by virtue of PNC's designation as Trustee[.]" R. 1-6, Pg. ID 198. Both lawsuits thus involve the same parties: Middleton and PNC acting as trustee.

Middleton also argues that his federal complaint asserts claims that he could not have asserted in the 2016 action, and hence that res judicata does not apply. But suffice it to say that Middleton did in fact raise the same issues in the 2016 suit (*e.g.*, that PNC violated the state court's order when PNC paid its legal fees with the withheld funds) that he raises here. Finally, Middleton

argues that in the 2016 action the state court did not reject his arguments (or at least the ones he makes here) on the merits. As the district court explained, however, the state court's opinion plainly shows otherwise.

The district court's judgment is affirmed.